```
UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------X
RENATTA WARD,

                    Plaintiff,           ORDER
                                         10-CV-1582(JS)(AKT)
        -against-

MS CORPORAL WILLIAMS, CORRECTION
OFFICER MURRAY, SHERIFF MICHAEL
SPOSATO,

                    Defendants.
----------------------------------X
APPEARANCES:

For Plaintiff:     Renatta Ward, Pro Se
                   2090 Madison Avenue, Apt. 2D
                   New York, NY 10037

For Defendants:    No Appearance
```

SEYBERT, District Judge:

Pending before the Court is the Complaint of pro se plaintiff Renatta Ward ("Plaintiff"), accompanied by an application to proceed in forma pauperis. For the reasons discussed herein, the application is GRANTED.

## BACKGROUND

Plaintiff filed her Complaint on March 29, 2010 pursuant to 42 U.S.C. § 1983 ("Section 1983") alleging that her Eighth Amendment Constitutional rights were violated when she was allowed to be assaulted by a fellow inmate "food cart worker" identified as Kareema Solomon ("Solomon") while Plaintiff was also incarcerated at the Nassau County Correctional Center. According to the Complaint, the Plaintiff and Solomon had an on-going conflict and when Solomon was delivering meals on May 10, 2009, the Plaintiff

and Solomon exchanged words at which time other inmates are alleged to have shouted "fight, fight, fight." Plaintiff claims that Defendant Correction Officer Murray then opened Plaintiff's cell for the purpose of allowing the two women to fight. According to the Complaint, the Plaintiff turned away from the open cell door to retreat but was attacked by Solomon from behind who punched Plaintiff in her head, ears and nose until Defendant Correction Officer Murray physically removed Solomon and closed Plaintiff's cell. Plaintiff claims that she reported to Defendant Correction Officer Murray that her nose was broken and he accordingly filled out an injury report. Plaintiff alleges that Defendant Correction Officer Murray then showed the injury report to Solomon who said "that bitch is going to tell" and then "the entire unit started yelling and calling [Plaintiff] a snitch and the inmates also said that nobody saw what happened." Plaintiff alleges that she was then taken to Defendant Corporal Williams who is alleged to have threatened to place Plaintiff in protective custody where she would be isolated and shackled unless Plaintiff agreed to keep quiet about the earlier incident and to stop making allegations against Defendant Correction Officer Murray. According to the Complaint, Plaintiff was then taken to the jail clinic where a doctor examined her and determined that her nose had not been broken. Plaintiff seeks an award of punitive and unspecified compensatory damages in the total sum of $6 million "to be split among the three

2

defendants."

## DISCUSSION

I.  In Forma Pauperis Application

Upon review of Plaintiff's declaration in support of her application to proceed in forma pauperis, the Court determines that the Plaintiff's financial status qualifies her to commence this action without prepayment of the filing fees. See 28 U.S.C. § 1915(a)(1).  Therefore, Plaintiff's request to proceed in forma pauperis is GRANTED.

II. Application of the Prison Litigation Reform Act

The 1996 Prison Litigation Reform Act, codified at 28 U.S.C. § 1915, requires a district court to dismiss an in forma pauperis complaint if the action is frivolous or malicious; fails to state a claim on which relief may be granted; or seeks monetary relief against a defendant who is immune from such relief.  See 28 U.S.C. § 1915(e)(2)(B)(i-iii).  The Court is required to dismiss the action as soon as it makes such a determination.  See id.

It is axiomatic that the Court is required to read the Plaintiff's pro se Complaint liberally, see Hughes v. Rowe, 449 U.S. 5, 9, 101 S. Ct. 173, 66 L. Ed. 2d 163 (1980); Haines v. Kerner, 404 U.S. 519, 520-21, 92 S. Ct. 594, 30 L. Ed. 2d 652 (1972) (stating that pro se complaints are held to "less stringent standards than formal pleadings drafted by lawyers"); McEachin v. McGuinnis, 357 F.3d 197, 200 (2d. Cir. 2004) ("[W]hen the plaintiff proceeds pro se, . . . a court is obliged to construe his pleadings

3

liberally, particularly when they allege civil rights violations."), and construe it "'to raise the strongest arguments'" suggested. Soto v. Walker, 44 F.3d 169, 173 (2d Cir. 1995) (quoting Burgos v. Hopkins, 14 F.3d 787, 790 (2d Cir. 1994)). Moreover, at this stage of the proceeding, the Court assumes the truth of the allegations in the Complaint. See Hughes, 449 U.S. at 10; Koppel v. 4987 Corp., 167 F.3d 125, 127 (2d Cir. 1999).

While it may be that Plaintiff is unable to prevail on her claims, the Court's uncertainty does not justify dismissal at this early juncture. McEachin v. McGuinnis, 357 F.3d 197, 200 (2d. Cir. 2004). Accordingly, the application to proceed in forma pauperis is GRANTED and the Court orders service of the Complaint.

CONCLUSION

Plaintiff's motion to proceed in forma pauperis is GRANTED. The Clerk of the Court is directed to forward to the United States Marshal for the Eastern District of New York copies of Plaintiff's Summons, Complaint, and this Order for service upon the Defendants without prepayment of fees. Furthermore, the Clerk must mail a copy of this Order to the Plaintiff.

SO ORDERED.

/s/ JOANNA SEYBERT
Joanna Seybert, U.S.D.J.

Dated:   August   10  , 2010
         Central Islip, New York